09-5104-ag
Jiang v. Holder

BIA
Nelson, IJ
A094 927 955

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of December, two thousand ten.

PRESENT:

JOHN M. WALKER, JR.,
PETER W. HALL,
DENNY CHIN,
   *Circuit Judges*

_____

SAI MING JIANG, also known as HUA JIANG,
   *Petitioner*,

   v.                                      09-5104-ag
                                           NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
   *Respondent*.

_____

FOR PETITIONER:        Gerald Karikari, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; John C. Cunningham, Senior
                       Litigation Counsel; Claire L.
                       Workman, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Sai Ming Jiang, a native and citizen of the People's Republic of China, seeks review of a November 13, 2009, order of the BIA, affirming the January 29, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Sai Ming Jiang*, No. A094 927 955 (B.I.A. Nov. 13, 2009), *aff'g* No. A094 927 955 (Immig. Ct. N.Y. City Jan. 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision, *i.e.*, minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529

F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

Although the IJ concluded that Jiang's testimony was not credible, the BIA denied his claim assuming his testimony was credible. We, therefore, likewise assume the credibility of Jiang's testimony. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005). Accordingly, we do not address Jiang's challenges to the IJ's adverse credibility finding. *See id.*

In finding that Jiang failed to demonstrate his eligibility for relief, the BIA first concluded that he had not suffered past persecution. Jiang testified that he was sought by the Chinese police in connection with his employment at a bookstore that, unbeknownst to him, contained Falun Gong books. Jiang admitted, however, that he was not actually arrested. Thus, the BIA reasonably found that the mere fact that the police sought Jiang for arrest or questioning did not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).

Because the agency reasonably determined that he had not suffered past persecution, Jiang's contention that he

3

was entitled to a presumption of a well-founded fear of persecution is without merit. *See Beskovic v. Gonzales*, 467 F.3d 223, 227 (2d Cir. 2006); 8 C.F.R. §§ 208.13(b)(1), 1208.16(b)(1). Further, the BIA reasonably determined that Jiang failed to meet his burden of demonstrating that his fear of persecution, based on his employment at the bookstore in China or his practice of Falun Gong in the United States, was objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

In finding that Jiang failed to meet his burden, the BIA noted that he testified that he did not know whether the police had issued a warrant for his arrest. The BIA further noted that the only corroboration Jiang provided for his testimony consisted of two letters, one from his father, and a second from his relative, Yun Zhu Weng. The BIA reasonably found that these letters were insufficient to sustain Jiang's burden of demonstrating that his fear of persecution was objectively reasonable, noting that: (1) Yun Zhu Weng's letter did not mention that the police maintained an interest in Jiang's arrest; and (2) while his father's letter stated that the police "kept on questioning about [Jiang's] whereabouts" the letter lacked detail as to when

4

and how often this questioning occurred. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 568 (2d Cir. 2006). The BIA also reasonably relied on the fact that Jiang was able to exit China using his own passport, thereby undermining the objective reasonableness of his fear of persecution. *See Ying Li v. Bureau of Citizenship and Immigration Servs.*, 529 F.3d 79, 83 (2d Cir. 2008).

Finally, the BIA reasonably found that Jiang failed to demonstrate a well-founded fear of persecution on account of his practice of Falun Gong in the United States because he failed to provide any evidence that he faced a risk of future persecution based on his practice of Falun Gong, or that there was a "pattern or practice" of persecution of similarly situated individuals in China. Jiang's generic assertion that "the most recent Religious Report and Human Rights Report" support the objective reasonableness of his fear of persecution is of no moment because these reports are not included in the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A); *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269-70 (2d Cir. 2007).

In sum, the BIA reasonably found that, even assuming the credibility of Jiang's testimony, he failed to establish

5

either that he suffered past persecution, or that his fear of persecution was objectively well-founded. *See Ivanishvili*, 433 F.3d at 341; *Ramsameachire*, 357 F.3d at 178. Accordingly, the agency did not err in denying Jiang's application for asylum. Nor did it err in denying his applications for withholding of removal and CAT relief, which were based on the same factual predicate but required Jiang to satisfy a more stringent showing. *Manzur*, 494 F.3d at 288.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk